UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES DEAL #363863 | CIVIL ACTION NO. 19-cv-0059 |
| VERSUS | JUDGE FOOTE |
| JAMES LEBLANC, ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Charles Deal ("Plaintiff") is a self-represented inmate who was once housed at the David Wade Correctional Center ("DWCC"). He filed this civil action against several prison officials based on allegations that (1) some of them wrongfully denied him the opportunity to attend a criminal court hearing and (2) he was mistreated while being placed in administrative segregation. The court ordered service on the defendants. Service papers for the DWCC employees were delivered to the DOC legal office pursuant to an arrangement for the service of current DOC employees.

The legal office ordinarily requires a first and last name of any served defendant to ensure that they are a current employee. Plaintiff described one defendant only as Lt. Carter. Service papers intended for that defendant were returned with the notation that the first name was needed. The court issued an order and allowed Plaintiff an opportunity to provide the first name, but he was unable to do so. Docs. 17 & 21. After reviewing the allegations against Lt. Carter, the undersigned recommends that all claims against him be dismissed for failure to state a claim on which relief may be granted.

**The Complaint**

Plaintiff alleges that he had a state court hearing set for September 14, 2017 in connection with a motion to correct an illegal sentence. Plaintiff alleges that he presented various notices to DWCC officials but was unsuccessful in persuading them to transport him to the hearing. Most of Plaintiff's complaint addresses his dissatisfaction with how this matter was handled. Lt. Carter is not alleged to have any role in these alleged facts.

Plaintiff alleges in his amended complaint (Doc. 7) that when he was not taken to his court hearing, he was sent to speak to classification officer Deborah Cody, who told him that he needed to file a motion to obtain a court order for his transport to the hearing. When Plaintiff replied, "I done that already," Ms. Cody "blew up and wrote me up for defiance stating I was talking over her." Plaintiff was ordered to be placed on lockdown.

Lt. Carter's only role in the alleged facts is when Plaintiff arrived at the administrative segregation unit to be placed on lockdown. Plaintiff alleges that he "asked with respect" to be placed in a cell by himself, but "Lt. Carter stated you will go where the f*** we put you." Plaintiff alleges that he "stated to Lt. Carter that he can't force me to go in a cell with someone." His next allegation is that Major Coleman then arrived and told Plaintiff to shut up before Coleman sprayed him. Plaintiff allegedly told him to go ahead, and Coleman then allegedly dragged Plaintiff to an area where there were no witnesses. Their confrontation continued until Coleman allegedly twice sprayed Plaintiff with chemical spray while Plaintiff was on his knees in restraints. Plaintiff does not allege that Lt. Carter participated in the use of chemical spray or was even a witness to it.

**Anaylsis**

Plaintiff is proceeding in forma pauperis. Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

The court may exercise its authority to dismiss an action on its own motion for failure to state a claim as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998). And the court need not await service of a defendant to dismiss him from the case. Alexander v. Trump, 753 Fed. Appx 201, 208 (5th Cir. 2018), cert. denied, 139 S. Ct. 1200 (2019).

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. That statute provides that every person who, acting under color of state law, subjects a person to the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law" for damages. Thus, to plead a claim for relief under Section 1983, Plaintiff must allege that Lt. Carter violated a right secured by the constitution or laws of the United States. Johnson v. Dallas ISD, 38 F.3d 198, 200 (5th

Cir. 1994). Section 1983 is not a federal tort law, so claims such as negligence that might be actionable under state law will not make out a claim. Daniels v. Williams, 106 S.Ct. 662 (1986).

Plaintiff's only allegations against Lt. Carter in his original or amended complaint are that Carter refused Plaintiff's request for a private cell and told Plaintiff that he would go where Carter put him. These allegations do not make out a violation of the Due Process clause or any other provision of the constitution. It is well recognized that "prison officials exercise sole discretion over inmate unit placement, and inmates do not have a constitutionally protected property or liberty interest in housing in certain facilities." Adeleke v. Heaton, 352 Fed. Appx. 904, 908-09 (5th Cir. 2009). Louisiana prison officials engaged in the classification of inmates "should be accorded the widest possible deference" in the application of policies designed to maintain security and preserve order. McCord v. Maggio, 910 F.2d 1248, 1251 (5th Cir. 1990). Based on the facts alleged in the original and amended complaints, Plaintiff has not set forth facts that would support a non-frivolous Section 1983 claim against Lt. Carter.

Accordingly,

It is recommended that all claims against Lt. Carter be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court,

unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge